(18 App. Div. 325.)

ROBINSON v. COCHEU et al.

(Supreme Court, Appellate Division, Second Department.  June 22, 1897.)

METHODIST CHURCH—PRESIDENT OF CONFERENCE—POWERS.

Under the constitution and discipline of the Methodist Protestant Church, the president of the conference has power, during the recess of the conference, to employ and station a minister to fill a vacancy without the consent of the church.

Bartlett, J., dissenting.

Appeal from trial term.

Application of John H. Robinson for a writ of mandamus against Theodore Cocheu and others.  From an order directing its issue, defendants appeal.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward Henry Harrison, for appellants.
Omar Powell, for respondent.

GOODRICH, P. J.  The relator, Rev. John H. Robinson, applied for and obtained a peremptory writ of mandamus commanding the defendants, "trustees of the Methodist Protestant Church of the village of Williamsburg, [to] open said church to the said John H. Robinson, as pastor and minister thereof, for the holding of all regular and special services of said church, in accordance with the customs, rules, and discipline of said church."  The facts are not in dispute.  The relator has been for 40 years a minister of the Methodist Protestant denomination.  The defendants are the board of trustees of a church of that denomination in the former village of Williamsburg, now a part of the city of Brooklyn.  This corporation is of the denomination and subject to the constitution, rules, and discipline of the governing board of the New York Annual Conference of the Methodist

Protestant Church, of which Mr. Henry S. Hull is president.    On April 17th, during the recess of conference, he appointed the relator the minister and preacher of said church, and gave him a certificate of his appointment.    On Sunday, April 25th, the relator presented himself at the church for the purpose of conducting divine worship therein according to the rules of the church; but the defendants locked the doors of the church against him, and against the congregation then assembled for worship, and have since denied the relator his rights and privileges as such preacher.    The right of the relator depends upon what is called the "constitution and discipline" of said church, by which it is provided as follows:

"It shall be the duty of the president of an annual conference to preside in all meetings of that body; and, when required by the conference, to travel through the district, visit all the stations and circuits, be present, as far as practicable, at all the quarterly meetings and camp meetings of his district; and, in the recess of conference, with the assistance of two or more elders, to ordain those persons who may be elected to orders; to employ such ministers and preachers as are duly recommended; and to make such changes of preachers as may be necessary:    provided the consent of said preachers and their charges be first obtained; and to perform such other duties as may be required by his annual conference."

The respondent contends that the proviso is limited to, and relates only to, changes of preachers as named in the immediately preceding clause.    Still we must construe the proviso according to the manifest intention of the article, so as to give it validity, in order to carry out the purpose for which it was enacted.    The annual conference is composed of all the itinerant ministers, and of one lay delegate from each station or church, and has power to appoint and station ministers at the different churches.    It was stated upon the argument that by reason of this lay delegation in the conference the voice or consent of each church to the appointment of its minister was expressed when he was stationed by the conference itself without objection, or by vote in case of objection.    The question here is whether the president of the conference has power to station a minister in a particular church during a recess of the conference without the consent of such church. It was admitted that he has the power to employ ministers, but it is denied that he can station them without such consent, and that the element of consent, which is expressed at the conference by the lay delegates, can only be given during the recess of the conference by the vote of the church.    The object of the church organization is to secure public worship and the administration of religious affairs at all times in all the churches, and the evident intention of the article cited above is to confer upon the president of the conference, during its recess, all needed power to effect this.    Otherwise a church might be without stated religious services during the whole recess of conference.    Each member of a church has the right to the services of a minister, even though a majority refuse to accept a particular minister appointed by the president during recess.    Indeed, a careful reading of the whole constitution and discipline convinces me that the theory of the church discipline is that the conference (and, in recess, its president) has the ultimate power to station a minister in a vacant church without the vote of the church itself, perhaps on the theory that there might be

recalcitrant sinners upon whose sins it might be needful to animadvert, and that they were not to be allowed to select a preacher whose mouth would be muzzled in the performance of his duty by the necessity of obtaining their consent to his ministry. It is an exceptional power given to meet an exigency, and the proviso must not be interpreted to defeat this intention. Perhaps, in its strict and grammatical interpretation, it provides for the consent of preachers and charges in all cases; but we think it should be construed to apply to an exchange of preachers between different charges after ministers have been appointed by the annual conference, in which case the consent of the preachers and charges must be obtained, and in all other cases, including the one under consideration, where there was no exchange of preachers, but a vacant pulpit to be filled, the president has the right, during recess, to employ and station ministers, or to fill a vacancy, without the consent of the church. This seems to be necessary in order to enable the president to fill a vacant pulpit, and is evident from the use of the word "employment" in the article, and the similar use of the word in the other articles of the constitution. I think that it was the manifest intention of this article of the constitution to confer upon the president authority to fill any vacant pulpit during recess of the conference.

Another article provides:

"He [the president] shall also give a certificate of employment to ministers, preachers, and missionaries, whom he may employ in the recess of the conference, without which no minister, preacher, or missionary shall be recognized as regularly appointed."

The certificate of employment of the relator was in the following words:

"This is to certify that I have appointed Rev. J. H. Robinson pastor in charge of Trinity M. P. Church, Brooklyn; said pastorate to begin with and include Monday, April 19th, 1897.                         H. S. Hull,
                            "President of New York M. P. Conference.
"Dated, Brooklyn, N. Y., April 17th, 1897."

We think this was a proper appointment of the relator to the church in question, and was within the power, during recess of conference, which was conferred upon the president, and that the peremptory writ of mandamus was properly granted. The order must be affirmed. All concur, except BARTLETT, J., dissenting.